Tuesday, the 21st of October, the Judges delivered their opinions.
Judge TUCKER
Thesole difficulty in this case seems to be attributable to an irregularity on the part of the de~ fendant in the outset of the trial in the county court.... Without waiting to hear the plaintiff’s evidence upon the plea of non detinet, which was the general issue in the cause, he first obtrudes upon the court his own; viz. a, copy of a deed made to one Smith, (under whose will he claims the negroes,) in 1784, to which himself and his wife were the only subscribing witnesses ; and then moves the court to reject the plaintiff’s evidence of an uninterrupted possession of the slaves for twelve years before the death of Smith, who never appears to have been in possession of them. The plaintiff has an undoubted right upon the general issue to prefer his evidence first: then, the defendant’s is to be heard in avoidance of it; and if the plaintiff can offer any thing consistent with the rules of law to rebut it, he is then to be permitted to do so. Had this course been pursued, the evidence would have stood, thus.
*60 The plaintiff proved an uninterrupted possession of the; slaves in himself from 1784 to 1795. To repel this the defendant produces a copy of an absolute bill of sale for ^le sEves made by the plaintiff to Smith, (under whom he claims,) in consideration of £ ISO in handpaid; which had been proved and recorded in 1784 : to rebut which the plaintiff offers viva voce testimony, that Smith had, on divers occasions, declared he had no title to the negroes ; which was objected to, but admitted by the court, because the original deed was not produced in court. After-wards, the defendant demurs to the evidence, and thus brings into view of this court the evidence objected to, which is not such as it had been described in the bill of exceptions. If this course had been pursued, there could have been little doubt in the breasts, either of the jury, had the cause been left to them, or of the court, upon the demurrer. For the jury would have been possessed of the material parts of the plaintiff’s evidence ; viz. his long and uninterrupted possession of the slaves during the life of Smith ; and the only point for their consideration would have been, whether they ought not to presume á re-transfer and sale of the negroes to the plaintiff, in consequence of such possession, notwithstanding a copy of an old deed recorded twelve years before ; the original not being produced nor proved to have been lost, (which ought to have been done, before admitting the copy, when objected to,) and might.therefore be presumed, upon the circumstances shewn in evidence, to have been delivered up to the plaintiff or cancelled. No deed, is necessary in case of a re-transfer and sale, where possession accompanies the transfer. The jury therefore might have concluded, upon the evidence before them, that such a re-transfer and sale actually took place. And. it is now settled that the court may draw the same conclusions upon a demurrer to evidence, which admits the truth, but denies the sufficiency of the evidence to maintain the issue on the part of the plaintiff.
Had there been no demurrer to evidence, I should have thought the county court erred in admitting the e-yidence Stated in the bill of exceptions to have been offered by the plaintiff, But the whole evidence, being inserted in the demurrer, appears different from the description of it, (for it is not stated verbatim,) in the bill of exceptions: and by the demurrer the consideration of the evidence objected to was drawn from the jury to the, ijourt, who might disregard what was impertinent to the *61 issue, or otherwise inadmissible ; which a jury perhaps would not. The error, if any, was therefore cured by the demurrer ; which must be considered as a waiver of the bill of exceptions, as to the evidence objected to.
Upon considering the evidence stated in the demurrer in this manner, I have no difficulty in saying the county court decided upon it properly, and that the judgment of the District Court reversing that decision was erroneous and ought to be reversed, and the judgment of the county court affirmed.
Judge CARRINGTON....
I am of opinion that the county court decided proper!}' upon the demurrer to evidence ; of course, that its judgment upon the verdict of the jury was regular. The defendían, did not move for a new trial, but contented himself with an appeal to the District Court. That court reversed the judgment, without stating any reason for so doing; and it is presumable they did so, because the record furnished none.
The objection that the slaves were valued higher by the jury than the price laid in the declaration is no error. If the plaintiff had stated a higher value than the real worth, that ought not to have governed the jury. They were to fix the value, at the time of their verdict, as it appeared from the evidence before them. In the case of Taff vs. Irby, before the General Court in March term, 1779, no value was laid : the exception was taken, and the case was fully argued : the court determined the omission was immaterial, and gave judgment upon the jury’s verdict. I now consider the value laid in the declaration, or even if there had been no value laid, as matters of no importance.
I am of opinion that the judgment and proceedings of the District Court ought to be reversed, and that of the county court affirmed.
Judge LYONS concurring, judgment was entered accordingly.